UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVIISON

CA'RON ELESTRIOUS-GEND LLOYD,

           Plaintiff,           CASE NO. 2:20-cv-13099
v.                                 HONORABLE SEAN F. COX

JEREMY DRIGGETT, *et al*.,

           Defendants.
_____/

**OPINION AND ORDER (1) DIRECTING PAYMENT OF THE FILING FEE,
(2) DISMISSING ALL THE DEFENDANTS EXCEPT JEREMY DRIGGETT AND HERMAN MARABLE, JR., (3) DIRECTING THE CLERK TO MAKE COPIES OF THE COMPLAINT, AND (4) DIRECTING THE UNITED STATES MARSHAL TO SERVE THE APPROPRIATE PAPERS ON DEFENDANTS DRIGGETT AND MARABLE**

This matter has come before the Court on plaintiff Ca'ron Elestrious-Gend Lloyd's *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and his applications to proceed without prepaying the fees and costs for this action (ECF Nos. 2 and 5). For the reasons given below, the Court will allow Plaintiff to proceed without prepaying the filing fee for this action and to pursue his claims against two of the twenty-eight defendants. The remaining defendants will be dismissed because Plaintiff has failed to state a plausible claim against them.

## I. Background

Plaintiff alleges that he is a convicted and sentenced state prisoner currently confined at the Genesee County Jail in Flint, Michigan. (ECF No. 1, PageID.2, 5.) The defendants are the Burton (Michigan) Police Department and the following individuals: Jeremy Driggett, Herman Marable, Jr., Mike Odette, Bruce Coxworth, Christopher E.

1

Odette, Geoffrey Skinner, David Clark, F. Kay Behm, Nathaniel C. Perry, III, David S. Leyton, Theresa M. Haruska, Tiffany M. Hughes, Peoria Thomas, Eric Freeman, Richard B. Yuille, Mike Ewing, Kirt Bierlein, Brett White, Vincent Villarreal, Nickolas White, Justin McLeod, Quion Wheeler, Nickoy Edwards, Paul Fehrman, Khary Hanible, Lauren Askew, and Geoffery L. Neithercutt. *Id*. at PageID.1.

The Court has gleaned the following facts from the complaint, ECF No. 1, PageID.5-8. On September 10, 2018, state district judge Herman Marable, Jr., was intoxicated and started some fights at the Autumn Lounge on Fenton Road in Flint, Michigan. About 10:45 p.m. that night, Plaintiff and Marable had a conversation without incident. Marable, however, called police officer Jeremy Driggett and asked Driggett to arrest Plaintiff. Driggett apprehended Plaintiff about half a mile away from the lounge and proceeded to punch Plaintiff in the face four times and sweep him to the ground. Plaintiff hit the back of his head on the ground and hurt his neck, back, and shoulder as well. Driggett stomped on Plaintiff's chest and put his right knee in the middle of Plaintiff's chest, causing Plaintiff to have an asthma attack.

Driggett arrested Plaintiff for resisting and obstructing an officer and brought Plaintiff back to the Autumn Lounge so that Marable could identify him. Plaintiff told the officers at the scene (Kirt Bierlein, Brett White, Vincent Villarreal, Nickolas White, Justin McLeod, Quion Wheeler, and Nickoy Edwards) that Driggett had assaulted him, but the officers did not take him to the Hurley Medical Center for treatment. Instead, they allowed him to remain in Driggett's custody.

Chief Genesee County Prosecutor David S. Leyton subsequently charged Plaintiff with a felony even though Plaintiff merely committed a misdemeanor by pulling his arm away from an officer. Genesee County Circuit Judge F. Kay Behm allowed Marable to stalk and intimidate Plaintiff, and she created a biased outcome in her courtroom. She also put Plaintiff's court appearances on YouTube without his permission and sentenced Plaintiff to forty-eight months in prison. While incarcerated in the Genesee County Jail, another inmate assaulted Plaintiff.

Plaintiff now seeks money damages for the physical assaults, mental anguish, loss of wages and other financial benefits, invasion of privacy, and imprisonment, which he claims was unlawful. He also contends that he was sent to prison with an asthma condition even though state correctional facilities have a high percentage of COVID-19 positive cases. *Id*. at PageID.8.

## II. The Applications to Proceed *In Forma Pauperis*

A preliminary matter is the filing fee for Plaintiff's complaint. In an application to proceed without prepaying fees or costs, Plaintiff alleged that he received no income from various sources in the past twelve months, that thirty-four people were dependent on him for support, and that he had debts of $30,700.00. (ECF No. 2.) Because Plaintiff did support his application with a certified statement regarding any prison or jail account, the Court ordered Plaintiff to prepay the filing and administrative fees or to file a certified trust account statement with an affidavit of indigence. (ECF No. 4.) Plaintiff then filed another application to proceed without prepaying fees or costs. (ECF No. 5.)

Although Plaintiff still has not submitted a certified statement summarizing the transactions in any trust fund account where he is confined, he is required to pay the full filing fee for his case. 28 U.S.C. § 1915(b)(1). Accordingly, the Court orders the officials who hold Plaintiff in custody to calculate, and if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's trust fund account in jail or (2) the average monthly balance in Plaintiff's trust fund account for the preceding six months. *Id.* In future months, or from time to time, the custodian of Plaintiff's trust fund account shall forward payments consisting of twenty percent (20%) of the preceding month's income credited to Plaintiff's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

### III. The Complaint

### A. Legal Framework

Having granted Plaintiff permission to proceed without prepaying the fees or costs for this action, the Court is required to screen his complaint and to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

## B. Application of the Law to Plaintiff's Case

Plaintiff has sued the Burton Police Department, but municipal police departments are not legal entities that may be sued under § 1983. *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (citing *Haverstick Enterprises v. Financial Fed. Credit*, 803 F. Supp. 1251 (E.D. Mich. 1992), and *Pierzynowski v. Police Dep't City of Detroit,* 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996)). As a result, the Burton Police Department is not a proper party to this action.

Local governing bodies "can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executives a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978). But even if the Court were to construe the complaint as one brought against the City of Burton,

> "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.' " *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). A municipality cannot be held liable simply because one of its employees has committed a constitutional violation. *Monell*, 436 U.S. at 694, 98 S. Ct. 2018. In other words, a municipality is liable "only if the injury is caused by [the implementation of] a municipal custom or policy, or if the city's failure to train employees amounts to deliberate indifference to constitutional rights." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 994 (6th Cir. 2017); *Morgan v. Fairfield Cty.,* 903 F.3d 553, 565 (6th Cir. 2018) (same).

*Andrews v. Wayne Cty., Michigan*, 957 F.3d 714, 721 (6th Cir. 2020).

Plaintiff has not shown that a municipal custom or policy was the moving force behind the alleged constitutional violations in his case. Plaintiff also has not shown that the City of Burton failed to properly train its employees. Accordingly, the City of Burton cannot be held liable for its police officers' conduct, and the Burton Police Department is dismissed from this lawsuit.

Plaintiff alleges that police officers Kirt Bierlein, Brett White, Vincent Villarreal, Nickolas White, Justin McLeod, Quion Wheeler, and Nickoy Edwards left him in Driggett's custody after he informed them that Driggett had assaulted him. However, Plaintiff has not alleged that he was in any danger at that point, and he has demonstrated that his physical injuries were so serious that he required treatment at the medical center. The Court, therefore, dismisses Kurt Bierlein, Brett White, Vincent Villarreal, Nickolas White, Justin McLeod, Quion Wheeler, and Nickoy Edwards from this lawsuit.

Several additional defendants must be dismissed because Plaintiff has not alleged what they did to violate his constitutional rights. A complaint that seeks money damages for alleged violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations; instead a complaint must show what *each* defendant did to violate the plaintiff's rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Stated differently,

> [i]t is not enough for a complaint under s 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of . . . law. Some factual basis for such claims must be set forth in the pleadings. *Place v. Shepherd,* 446 F.2d 1239 (6th Cir. 1971).

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (ellipsis added).

Plaintiff's statement of facts and claims fail to make any mention of the following defendants: Mike Odette, Bruce Coxworth, Christopher E. Odette, Geoffrey Skinner, David Clark, Nathaniel C. Perry, III, Theresa M. Haruska, Tiffany M. Hughes, Eric Freeman, Richard B. Yuille, Mike Ewing, Paul Fehrman, Khary Hanible, Lauren Aske, and Geoffrey L. Neithercutt. The Court, therefore, dismisses those defendants due to the lack of any allegations about what they did to violate Plaintiff's constitutional rights.

Plaintiff states that Peoria Thomas is his probation officer, but the only thing he says about Ms. Thomas is that she was with him on four occasions when Judge Marable appeared for court dates. (ECF No. 1, PageID.6.) Ms. Thomas is dismissed from this action because Plaintiff has failed to show that Thomas did anything that rose to the level of a constitutional violation.

Chief prosecutor David S. Leyton enjoys immunity from suit for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). To the extent Leyton initiated and pursued the criminal prosecution against Plaintiff, he may not be sued under § 1983 for alleged deprivations of Plaintiff's constitutional rights. *See id* at. 410. Thus, Leyton is dismissed from this case.

Circuit Judge F. Kay Behm likewise has broad immunity from being sued. Although judicial immunity does not extend to everything a judge does, *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019), it

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the

judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal and end citations omitted).

Judge Behm was acting in her judicial capacity when she presided over Plaintiff's state criminal trial, and Plaintiff has not alleged that Judge Behm acted in the complete absence of jurisdiction. Furthermore, the Court has found no legal authority for Plaintiff's contention that Judge Behm should be held liable for putting his court appearances on "YouTube.com/Zoom Live." (ECF No. 1, PageID.9.) Therefore, Judge Behm is dismissed from this action.

That leaves Jeremy Driggett and Herman Marable, Jr., as defendants. Driggett allegedly assaulted Plaintiff, and Plaintiff implies that Marable instigated the assault at a time when Marable was not acting in his judicial capacity. Because these allegations arguably state a plausible claim for relief, the Court will allow Plaintiff to proceed with his claims against Driggett and Marable.

### III. Conclusion

Plaintiff's allegations against most of the defendants are frivolous and fail to state a plausible claim for which relief may be granted. The Court, therefore, dismisses all the defendants except Jeremy Driggett and Herman Marable, Jr.

The Court directs the Clerk of Court to make two copies of the complaint and to arrange for the United States Marshal to serve the appropriate papers on defendants Jeremy Driggett and Herman Marable, Jr., at the addresses provided in the complaint.

*See* ECF No. 1, PageID.2-3.

SO ORDERED.

                                                              s/Sean F. Cox  
                                                              SEAN F. COX  
                                                              UNITED STATES DISTRICT JUDGE

Dated: April 28, 2021