UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CA'RON ELESTRIOUS-GEND LOYD,

    Plaintiff,

v.

HERMAN MARABLE and JEREMY DRIGGETT,

    Defendants.

Case No. 2:20-cv-13099
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 17)**

### I.     Introduction

This is a civil rights complaint brought under 42 U.S.C. § 1983. Plaintiff Ca'Ron Loyd, now incarcerated and proceeding *pro se*, sued twenty-eight defendants for actions involving his alleged assault, arrest, and conviction. Upon screening of the complaint, his claims were dismissed against all but two defendants, police officer Jeremy Driggett and state district judge Herman Marable, Jr. (ECF Nos. 1, 6). On May 17, 2021, all pretrial matters were referred to the undersigned. (ECF No. 10).

Driggett answered the complaint on May 26, 2021, and on June 24, 2021, Marable filed a motion to dismiss in lieu of an answer. (ECF Nos. 14, 17). Loyd

1

was ordered to respond to Marable's motion by July 26, 2021, but this order was returned as undeliverable. *See* ECF Nos. 20, 23. A second order requiring a response was sent to Loyd's corrected address on September 7, 2021, and Loyd filed his response on September 30, 2021. *See* ECF Nos. 25, 29. Marable has not filed a reply.

For the reasons that follow, the undersigned recommends that Marable's motion to dismiss be GRANTED in part and DENIED in part. Specifically, the undersigned recommends that Loyd's § 1983 claim against Marable be dismissed with prejudice, and that the Court decline to exercise supplemental jurisdiction over any state law claims against Marable, dismissing them without prejudice.

## II.   Background

In considering the sufficiency of the complaint as challenged by a 12(b)(6) motion, the Court draws the facts from the allegations of the complaint. (ECF No. 1). In its prior order dismissing Loyd's claims against all defendants other than Driggett and Marable, the Court summarized the relevant allegations as follows:

> On September 10, 2018, state district judge Herman Marable, Jr., was intoxicated and started some fights at the Autumn Lounge on Fenton Road in Flint, Michigan. About 10:45 p.m. that night, Plaintiff and Marable had a conversation without incident. Marable, however, called police officer Jeremy Driggett and asked Driggett to arrest Plaintiff. Driggett apprehended Plaintiff about half a mile away from the lounge and proceeded to punch Plaintiff in the face four times and sweep him to the ground. Plaintiff hit the back of his head on the ground and hurt his neck, back, and shoulder as well. Driggett stomped on Plaintiff's

chest and put his right knee in the middle of Plaintiff's chest, causing Plaintiff to have an asthma attack.

Driggett arrested Plaintiff for resisting and obstructing an officer and brought Plaintiff back to the Autumn Lounge so that Marable could identify him. Plaintiff told the officers at the scene (Kirt Bierlein, Brett White, Vincent Villarreal, Nickolas White, Justin McLeod, Quion Wheeler, and Nickoy Edwards) that Driggett had assaulted him, but the officers did not take him to the Hurley Medical Center for treatment. Instead, they allowed him to remain in Driggett's custody.

Chief Genesee County Prosecutor David S. Leyton subsequently charged Plaintiff with a felony even though Plaintiff merely committed a misdemeanor by pulling his arm away from an officer. Genesee County Circuit Judge F. Kay Behm allowed Marable to stalk and intimidate Plaintiff, and she created a biased outcome in her courtroom. She also put Plaintiff's court appearances on YouTube without his permission and sentenced Plaintiff to forty-eight months in prison. While incarcerated in the Genesee County Jail, another inmate assaulted Plaintiff.

Plaintiff now seeks money damages for the physical assaults, mental anguish, loss of wages and other financial benefits, invasion of privacy, and imprisonment, which he claims was unlawful. He also contends that he was sent to prison with an asthma condition even though state correctional facilities have a high percentage of COVID-19 positive cases. *Id*. at PageID.8.

(ECF No. 6, PageID.27, referring to ECF No. 1, PageID.5-8).

As noted above, the only claims remaining are those described against Driggett and Marable.

### III. Standard for Dismissal

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by pro se parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

that were never presented ... nor may courts construct the Plaintiff's legal arguments for him.... [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

## IV. Analysis

### A. Federal Claim

#### 1. General

Loyd has sued Marable for violation of his constitutional civil rights under 42 U.S.C. § 1983. Section 1983 "imposes civil liability on those individuals who, acting under color of state law, deprive a citizen of, among other things, his federally guaranteed constitutional rights." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). "To state a claim under § 1983, a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under the color of state law." *Id*. A private actor may be considered a person acting under color of state law (a state actor) if "(1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the state' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.' " *Tahfs v.*

5

*Proctor,* 316 F.3d 584, 590–91 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).

### 2. Application

Marable contends that there is no allegation that he was acting under color of state law, as required for liability under § 1983. He cites *West v. Atkins*, 487 U.S. 42, 50 (1988) for the proposition that "generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."

The Sixth Circuit applies three tests for determining whether private action is fairly attributable to the state:

> A private party's actions constitute state action under section 1983 where those actions may be fairly attributable to the state. The Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test.

*Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (internal citations and quotations omitted). Under the public function test, a private party is deemed a state actor if he or she exercised powers "traditionally reserved exclusively to the state." *Id.* This test is "interpreted narrowly" and limited to specific functions such as holding elections, exercising eminent domain, or operating a company-owned town. *Id.* (citations omitted).

"The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). For the activities of a private actor to constitute state action under this test, more is required than merely the approval or acquiescence of the state in the decisions or actions of the private actor. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). "Under the symbiotic or nexus test, a section 1983 claimant must demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself." *Chapman*, 319 F.3d at 834.

The allegations of the complaint cannot satisfy any of the tests that would render Marable's actions "under color of state law." Although he is a state court judge, Marable was allegedly intoxicated at a bar at 10:45 p.m. when he called upon Driggett to assault and arrest Loyd. He was not "acting in his official capacity" or "exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988). Further, his influence over Driggett was not coercive, significant, or fairly attributed to the state. Thus, Marable is correct that Loyd's § 1983 claims should be dismissed.

             B.   State Law Claims

               1.   Supplemental Jurisdiction

Marable dedicates the rest of his motion to dismiss to the imputed state law claims of false arrest and assault. He contends that these claims are barred by the applicable two-year statute of limitations and both claims fail to state a claim upon which relief may be granted. However, the Court must first determine whether to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. *See Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892–93 (6th Cir. 1998). Under § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. As a rule of thumb, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Because Loyd has failed to properly allege a claim under federal law against Marable, and has not explicitly alleged any state law claims, the undersigned recommends declining to exercise jurisdiction against any such claims that may be read into the complaint and dismissing them without prejudice.

Despite this recommendation, Marable's arguments as to the state law claims are addressed below for sake of completeness and in the event the Court decides to exercise supplemental jurisdiction over any state law claims.

        2.     Statute of Limitations

To the extent that Loyd attempted to raise claims for false arrest or assault, those claims are each governed by a two-year statute of limitations. *See* M.C.L. § 600.5805(3).[1] An assault claim would accrue at the time of the assault, but the statute of limitations governing false arrest begins to run when the alleged false imprisonment ends. *Harnden v. St. Clair Cty.*, No. 18-1402, 2018 WL 8018118, at *3 (6th Cir. Oct. 25, 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).

The alleged attack on Loyd by Driggett, at the behest of Marable, occurred on September 10, 2018. The complaint was filed in November 2020, beyond the two-year statute of limitations. Thus, any assault claim is time barred. However, the period of limitations would not begin to run for a false arrest while Loyd remained in custody. *Harnden* at *3. Thus, a false arrest claim is not subject to dismissal based on the statute of limitations.

### 3. Assault

Statute of limitations issues aside, "[t]o recover civil damages for assault, plaintiff must show an intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under

---

[1] Had Loyd properly asserted a § 1983 claim against Marable, the relevant statute of limitations would be three years. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) ("We have held that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims.") (citing M.C.L. § 600.5805); *accord Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020).

circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *VanVorous v. Burmeister*, 262 Mich. App. 467, 482–83, 687 N.W.2d 132 (2004). An assault is "an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v. Nickens*, 470 Mich. 622, 685 N.W.2d 657 (2004). "To recover for battery, plaintiff must demonstrate a willful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *VanVorous*, 262 Mich. App. at 483, 687 N.W.2d 132.

Under Michigan law, "an officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested to the extent the force used was excessive." *Grawey v. Drury*, No. 06-12078-BC, 2007 WL 4395567, at *8 (E.D. Mich. Dec. 11, 2007), aff'd, 567 F.3d 302 (6th Cir. 2009) (citing Mich. Civ. JI 115.09).

Marable is correct that the allegations do not give rise to a direct claim of assault or battery against him. However, it is unclear that the allegations fail to state a claim against aiding or abetting an assault. The Sixth Circuit has found that, while "[t]he Michigan Supreme Court has never expressly recognized a common-law claim for aiding and abetting tortious conduct," "if faced with the opportunity to do so, [it] would adopt the approach of aiding and abetting as set forth in §

10

876(b) of the Restatement (Second) of Torts."[2] *El Camino Res. Ltd. v. Huntington Nat. Bank*, 712 F.3d 917, 922 (6th Cir. 2013). § 876(b) states that "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he ... (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself...." *El Camino,* 712 F.3d at 922.

To state substantial assistance or encouragement, a plaintiff must allege "that the secondary party proximately caused the violation, or, in other words, that the encouragement or assistance was a substantial factor in causing the tort." *In re MuniVest Servs., LLC*, 500 B.R. 487, 505–06 (Bankr. E.D. Mich. 2013) (internal quotation marks and citations omitted). Read in the light most favorable to Loyd, Marable's alleged acts could have been a substantial factor in causing Driggett to attack Loyd in the manner described in the complaint. Therefore, the undersigned

---

[2] Not all federal courts have agreed on this point. *See, e.g., Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684, at *9 (W.D. Mich. Feb. 18, 2010) ("It is uncertain whether the Michigan Supreme Court would approve and adopt the doctrine of liability for civil aiding and abetting (concert of action) derived from the Restatement (Second) of Torts § 876(b).... [plaintiff] does not cite, and this Court has not found, any reported caselaw and precedent where the Michigan Supreme Court or Michigan Court of Appeals have formally adopted a common law doctrine of civil aiding and abetting (concert of action) liability derived from the Restatement (Second) of Torts § 876(b).") (citing *El Camino Resources,* 2009 WL 427278; *Goodman v. Mady,* 2005 WL 2417209, * 8 (E.D. Mich. Sept. 30, 2005)); *cf. Kuney v. Dutcher*, 56 Mich. 308, 309, 22 N.W. 866, 866 (1885) (finding potential liability where defendant was accused of "urging on his sons to kill or hurt plaintiff" and where the sons did beat plaintiff).

11

recommends against dismissing any claim of aiding or abetting assault based on a failure to state a claim.

####            4.     False Arrest

Marable also argues that Loyd has failed to state a claim for false arrest or imprisonment.[3] In Michigan, the elements of false imprisonment are: "an act committed with the intention of confining another, the act directly or indirectly results in such confinement, and the person confined is conscious of his confinement." *Adams v. Nat'l Bank of Detroit*, 444 Mich. 329, 341 (1993). "A false arrest is an illegal or unjustified arrest, and the guilt or innocence of the person arrested is irrelevant." *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 17, 672 N.W.2d 351 ( 2003). "To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, *i.e.* the arrest was not based on probable cause." *Id.* (citations omitted).

It is well settled that "[a] person is not subject to liability for false arrest where the person merely gives information to the police and the police use their own judgment in deciding whether to make an arrest." *Adams*, 444 Mich. at 341

---

[3] As stated in *Ghaith v. Rauschenberger*, No. 09-14336-BC, 2010 WL 4982795, at *8 (E.D. Mich. Dec. 2, 2010): "False imprisonment requires no more than an unlawful restraint on liberty, while false arrest requires an unlawful arrest. Any time a person is falsely arrested, that person is also falsely imprisoned. A person may, however, be falsely imprisoned without being falsely arrested. The distinction is not material to the present analysis and the claims will be considered together."

(citing *Lewis v. Farmer Jack Div., Inc.*, 415 Mich. 212, 219 n. 3 (1982)). "It is not enough for instigation that the actor has given information to the police about the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them." *Handlon v. Rite Aide Servs.*, LLC, 513 F. App'x 523, 530 (6th Cir. 2013) (quoting *Lewis*, 415 Mich. at 219 n. 3). There is an exception to this general rule such that a person who unreasonably "instigates the issuance of the warrant" is not protected from a claim of false arrest when the "officer acted on that person's judgment." *Adams*, 444 Mich. at 341 n. 24 (citing *Raudabaugh v. Baley*, 133 Mich. App. 242, 248, 350 N.W.2d 242 (1983)).

Here, Marable is accused of calling on Driggett to arrest Loyd, and given his standing in the community as a state court judge, it is plausible that this order instigated the arrest and that Driggett acted on Marable's judgment. The allegation directly accuses Marable of instigating the arrest, and states that this was done "after [Loyd] had a conversation with [Marable] without any incident," implying that the arrest was unjustified. (ECF No. 1, PageID.7). As such, the elements of the possible claim of false arrest have plausibly been met. The undersigned therefore recommends against dismissing this claim for failure to state a claim.

V. Conclusion

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Marable's motion to dismiss be GRANTED IN PART and DENIED IN PART. Specifically, the undersigned recommends that Loyd's § 1983 claim against Marable be dismissed with prejudice and that the Court decline to exercise supplemental jurisdiction over any state law claims against Marable, dismissing them without prejudice.

Dated: November 12, 2021  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2021.

s/Marie E. Verlinde<br>
MARIE E. VERLINDE<br>
Case Manager